### CANY v. DAY, DEFENDANT, AND LEHMAN, GARNISHEE.

May 21, 1840.

*Rule to show cause why judgment should not be entered on answers of garnishee.*

An annuity given by a last will, but not yet due, is not bound by an attachment of execution issued upon a judgment against the annuitant, and served on the executor by whom the annuity is to be paid.

THIS was an action against Margaret Day, and the plaintiff had judgment. On the 5th of December, 1839, he issued an attachment of execution, and it was served on William E. Lehman.

The following interrogations were put to W. E. Lehman, the garnishee.

" 1. Are you not the executor, duly qualified, of the last will of William Lehman, deceased, and is there not in the said will a bequest to Margaret Day, the above defendant, formerly wife of James Day, of $500 per annum during her life ? If aye, state the same, and all you know in relation to it.

" 2. When did you last pay the said annuity, or any portion of it, to the said Margaret Day? From what time did the same first become payable under the said will, and what arrears are now due, and when will any portion of the said annuity be next payable ?

" 3. Do you know of any other bequest due or accruing to the said Margaret Day, under the said or any other will or instrument of writing ?"

[Cany v. Day, defendant, and Lehman, garnishee.]

The following answers of the said W. E. Lehman were filed.

" 1. I am the executor duly qualified of the last will of William Lehman, deceased; there is a bequest to Margaret Day, aforesaid, in said will, as follows: ' I give and bequeath to Margaret Day, the wife of James Day, formerly Margaret Egan, $500 per annum for and during the term of her natural life.'

" 2. I paid the last arrear of this annuity or legacy aforesaid, on the 16th April, 1839; the first payment of the same became due under the said will on the 29th March, 1830. No arrears are now due, and none will be due or payable until the 29th March, 1840.

" 3. I know of no other bequest to the said Margaret Day, except that contained in the said will."

On the 21st April, 1840, this court granted a rule on the defendants to show cause why judgment should not be rendered against them upon these answers.

*Troubat*, for plaintiff, said that the executor's duty is to set aside a proper sum to enable him to pay the annuity; that an account for money had and received, would lie by the annuitant against the executor, and that the annuity would pass under the insolvent law.

*G. L. Ashmead*, contra.

The counsel cited 2 *Munf.* 412; 9 *Ves.* 6, Bailey v. Bishop; 3 *Swan.* 487; 2 *Wms. Ex.* 756; 1 *S. & Stu.* 463, Davis v. Walters; 2 *Dall.* 211, Walker v. Gibbs; 2 *Yeates* 190, McCarty v. Emlen.

Per Curiam.—At the time of the issuing and levy of this attachment of execution, although the annuity was accruing, there was nothing due the defendant. The act of 10th June, 1836, says that a *debt due* the defendant may be attached by way of execution.

Rule discharged.